IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**HENRY E. JONES,**

    Petitioner,

v.                                                         Civil Action No. **3:08CV105**

**PATRICIA R. STANSBERRY,**

    Respondent.

## MEMORANDUM OPINION

Henry E. Jones ("Petitioner"), a District of Columbia ("D.C.") offender imprisoned in the Federal Correctional Center at Petersburg, brings this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent has filed a motion to dismiss, to which Petitioner has responded.

### I. PETITIONER'S CLAIMS

Petitioner challenges the United States Parole Commission's ("the Commission") decision to deny him parole on December 12, 2007. Petitioner makes the following claims:

| | |
|---|---|
| Claim 1 | "There has been a procedural error, in that the US Parole Commission granted parole in 1988 for Mr. Jones, applying the same Guidelines and discretion used to deny Mr. Jones on December 12, 2007;" |
| Claim 2 | "There has been a procedural error" because the Commission rejected the hearing examiner's recommendation that Petitioner be paroled; |
| Claim 3 | "The Commission did not consider the mitigating factors;" and, |
| Claim 4 | The Commission unlawfully exceeded the parole guidelines. |

(Pet. 3-5.)

## II. PROCEDURAL HISTORY

Petitioner is currently incarcerated pursuant to convictions for armed robberies committed in 1979. On August 10, 1979, the Superior Court of the District of Columbia ("the Superior Court") sentenced Petitioner to a fifteen-year term of probation. Petitioner violated his probation by committing additional crimes.[1] On August 18, 1981, the Superior Court revoked his probation and sentenced him to a term of imprisonment between two and eight years. Due to Petitioner's other state and federal criminal sentences, Petitioner did not begin serving his D.C. sentence until August 9, 2006. (Br. in Support of Respt.'s Mot. to Dismiss Ex. E 1.)

Petitioner became eligible for parole on November 10, 2007. (Br. in Support of Respt.'s Mot. to Dismiss Ex. A 1.) The BOP conducted a parole hearing on November 6, 2007. (Br. in Support of Respt.'s Mot. to Dismiss Ex. F 1.) Petitioner's sister testified that Petitioner could live at her house, and Petitioner's case manager described him as a model inmate. (Br. in Support of Respt.'s Mot. to Dismiss Ex. F 1-2.) The hearing examiner summarized Petitioner's case in his Evaluation:

> The current sentence was a result of revoked probation on two old robbery cases. The judge ordered the sentence consecutive to all other sentences the subject was serving for new criminal conduct he committed while on probation. That sentence structure and the rules of the guidelines result in very little guidelines in this

---

[1] Petitioner committed an armed bank robbery on April 24, 1980, for which he was eventually sentenced to a twenty-year federal prison term. Petitioner was not immediately arrested, and on June 13, 1980, committed a second armed bank robbery, for which he was eventually sentenced by the Commonwealth of Virginia to a twenty-year term of imprisonment. On July 3, 1980, while undergoing testing for venereal disease, Petitioner escaped from custody. On July 5, 1980, he broke into a home, threatened the occupant with a rifle, and raped her. Petitioner stole a neighbor's car and was arrested after a high-speed chase. Petitioner received additional prison sentences for escape, rape, robbery, breaking and entering, and car theft. (Respt.'s Br. in Support of Mot. to Dismiss Ex. A at 1-2.)

> case even though this prisoner has been in custody for over 27 years....
> The two main issues in this case are risk and accountability. The risk factor has been significantly affected by this subject's age and prison accomplishments. He received his College Degree and his Masters Degree in addition to all the numerous Self-Help Programs surely has reduced the risk factor. Accountability is an issue that is important. So is the 27 years plus 4 months is a considerable amount of prison time.
> During the hearing this prisoner exhibited a considerable amount of maturity and insight into his behavior in the past and his current life. He made no excuses for his criminal conduct and he accepted full responsibility for everything that he did. He seemed overly genuine in his remorse and his commitment to the future. Considering the amount of prison time served, this examiner is willing recommending [sic] a parole date. A date far enough in the future to allow for halfway house placement is recommended.

(Br. in Support of Respt.'s Mot. to Dismiss Ex. F 3.) The hearing examiner further recommended a parole date of May 2, 2008.

The Commission, however, denied parole on December 12, 2007, and ordered Petitioner's sentence to continue until expiration. That expiration period exceeds the guideline range. (Br. in Support of Respt.'s Mot. to Dismiss Ex. G 3.) The denial explains:

> Your Total Guideline Range is 37-43 month(s)....
> You have been in confinement as a result of your current offense behavior for a total of 328 months as of November 4, 2007.
> After consideration of all factors and information presented, a decision above the Total Guideline Range is warranted because you are a more serious risk than indicated by your Base Point Score in that neither score takes into consideration that you committed multiple armed robberies with firearms. In addition, while on escape from one armed robbery, he broke into a house, raped the victim and stole her neighbor's car. You committed additional armed robberies that were prosecuted.

(Br. in Support of Respt.'s Mot. to Dismiss Ex. G 1.)

## III. ANALYSIS

A.     **Claim 1 – Procedural Error**

In Claim 1, Petitioner argues that the Commission should have granted him parole on his D.C. sentence because the Commission, applying the same regulations to the same underlying crimes, granted him parole on a 20-year federal sentence on April 12, 1988. Petitioner reasons that his subsequent good behavior could only have made him a better candidate for parole. Under both federal and D.C. law, the parole decision remains the discretion of the parole agency. 18 U.S.C. § 4218(d) (committing parole decision to agency discretion)[2]; *McRae v. Hyman*, 667 A.2d 1356, 1357 (D.C. App. 1995) (holding that D.C. parole law "confers discretion to grant or deny parole"). Therefore, this Court may only review the Commission's decision to the extent "there is a claim that the agency has violated constitutional, statutory, regulatory or other restrictions, but may not review agency action where the challenge is only to the decision itself." *Garcia v. Neagle*, 660 F.2d 983, 988 (4th Cir. 1981); *see also Forrester v. Garraghty*, No. 1:01-CV-01366, 2002 WL 32862999, at *4 (E.D. Va. Sept. 26, 2002) (applying *Garcia* standard to challenge to Commission's decision to deny parole to inmate convicted of violating D.C. code).

Petitioner does not claim that the Commission violated any federal right, nor does he claim that the Commission's decision was *ultra vires*. Moreover, although the Commission was the entity that made both parole decisions, it did not apply the same regulations. The parole

---

[2] Although the federal parole statutes have been repealed as to offenses committed after November 1, 1987, they continue to apply to offenders convicted of offenses occurring before that date. United States Parole Commission Extension Act of 2008, Pub. L. No. 110-312, 122 Stat. 3013 (2008).

system for federal prisoners serving D.C. sentences is distinct from that for prisoners serving federal sentences. *Compare* D.C. Code § 24-40.01 *et seq.* (D.C. parole statutes); 28 C.F.R. § 2.70 *et seq.* (regulations for D.C. Code offenders in federal custody) *with* 18 U.S.C. § 4201 *et seq.*; 28 C.F.R. § 2.1 *et seq.* Petitioner's claim "amounts to no more than a challenge to the reasonableness of the Commission's discretionary decision." *Forrester*, 2002 WL 32862999, at *6. Claim 1 will be DISMISSED.

**B.     Claim 2 – Procedural Error in Rejecting the Hearing Examiner's Recommendation**

Petitioner claims that the hearing examiner is "a fact finder. Like a jury or trial judge in a criminal trial, the hearing examiner weighs the evidence, judging sincerity and credibility." (Pet. at 4). Petitioner offers no authority, however, for the proposition that the Commission is therefore required to defer to those findings. Indeed, "the hearing officer may only make a non-binding recommendation; the final parole determination rests with the Commission." *Cagnina v. Winn*, 502 F. Supp. 2d 193, 196 (D. Mass. 2007) (*citing Lynch v. U.S. Parol Comm'n*, 768 F.2d 491, 496 (2d Cir. 1985)). This claim also amounts to a challenge to the reasonableness of the Commission's discretionary decision. Claim 2 will be DISMISSED.

**C.     Claim 3 – Failure to Consider the Relevant Mitigating Factors**

In Claim 3, Petitioner claims that the Commission erred by failing to consider the following mitigating factors: (1) Petitioner's 309 months of incarceration in state facilities prior to his federal sentence; (2) Petitioner's age (seventeen years) at the time of his crimes; and, (3) Petitioner's exceptional program achievements. The hearing examiner's report, however, clearly presented the mitigating factors to the Commission. The Commission's decision, in turn, was made "[a]fter consideration of all factors and information presented." (Br. in Support of Respt.'s

5

Mot. to Dismiss Ex. G 1.) The fact of an adverse decision does not create an inference that the Commission ignored favorable information in its file. *Walker v. United States*, 816 F.2d 1313, 1317 (9th Cir. 1987). To the extent that Petitioner claims that the Commission should have weighed more heavily the mitigating factors, Petitioner has failed to show that the Commission thereby acted *ultra vires*, ignored its own regulations, or violated his constitutional rights. *See Page*, 261 F. Supp. 2d at 530 (E.D. Va. 2003) (*quoting Garcia*, 660 F.3d at 988). Claim 3 will be DISMISSED.

### D. Claim 4 – Unsupported Decision to Depart from Guidelines in Denying Parole

Petitioner claims that the Commission did not sufficiently justify its decision to depart from the Parole guidelines. He argues that the Commission should not have relied on crimes for which Petitioner had been fully punished to justify denying parole. Petitioner points out that the guidelines recommended parole after forty-three months, and that for guideline purposes he had been in custody for 328 months.[3] Petitioner concludes that the Commission has violated 18 U.S.C. § 4206, which he characterizes as "requiring 'good cause' to go above or below guidelines." (Pet. at 5.)

Federal law provides that the Commission "may grant or deny release on parole notwithstanding the guidelines . . . if it determines there is good cause for so doing." 18 U.S.C. § 4206(c). Valid regulations allow the Commissioner to deny parole to D.C. Code offenders in "unusual circumstances," which are "case-specific factors that are not fully taken into account in the guidelines, and that are relevant to the grant or denial of parole." 28 C.F.R.

---

[3] Petitioner had served only nineteen months of his two- to eight-year D.C. sentence, however. (Br. in Support of Respt.'s Mot. to Dismiss Ex. F 1.)

§ 2.80(n)(1); *see also Lyons v. U.S. Parole Comm'n*, No. 3:08cv342, 2009 WL 211583, at *2-4 (E.D. Va. Jan. 28, 2009) (discussing source and scope of Commission's authority to deny parole to D.C. Code offenders). The Commissioner's exercise of discretion in this area is unreviewable. *Forrester*, 2002 WL 32862999, at *4. Claim 4 will therefore be DISMISSED.

## IV. CONCLUSION

In light of the foregoing, Respondent's motion to dismiss will be GRANTED. (Docket No. 4.) The petition for a writ of habeas corpus will be DENIED, and the action will be DISMISSED.

An appropriate Order will enter.

And it is so ORDERED.

/s/ M. Hannah Lauck
M. Hannah Lauck
United States Magistrate Judge

Date: 3/6/09
Richmond, Virginia